**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYDELL NUNN, JR., | No. 09-56563 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02275-AG-JC |
| and | |
| MICHAEL ADAM, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| COUNTY OF ORANGE; et al., | |
| Defendants - Appellees, | |
| and | |
| RICK EDGMON, individually and in his official capacity, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 16, 2011
Pasadena, California

Before: KLEINFELD, LUCERO,[**] and GRABER, Circuit Judges.

The district court's grant of a new trial must be reversed because an incorrect legal standard was applied.

"'Generally, a district court abuses its discretion when it bases its decision on an erroneous view of the law.'" Beech Aircraft Corp. v. United States, 51 F.3d 834, 841 (9th Cir. 1995) (per curiam) (quoting United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir. 1993)).  The Ninth Circuit standard for granting a new trial based on attorney misconduct under Federal Rule of Civil Procedure 59 is that "the flavor of the misconduct 'must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1270 (9th Cir. 2000) (quoting McKinley v. City of Eloy, 705 F.2d 1110, 1117 (9th Cir. 1983)).  The district court did not apply the Ninth Circuit standard.

---

[**]    The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

Appellant failed to advise either the district court or this court of the correct standard or the error. Nevertheless, regardless of whether appellant counsel's violations of the district court's orders were an attempt to inflame the jury, the verdict showed that the jury was not "influenced by passion and prejudice." Both the special finding that neither defendant acted with malice or reckless disregard of the plaintiff's rights and the very low $2,100 verdict evidence a calm jury, not one influenced by passion and prejudice.

This reversal will reinstate the jury verdict that was set aside. Our decision, however, is without prejudice to reconsidering whether sanctions are appropriate against plaintiff's counsel. We express no opinion on that question. Any sanctions available on remand are for the trial court in the first instance.

REVERSED with instructions to reinstate the jury's verdict from the first trial and REMANDED for such further proceedings as may be appropriate.